## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Samantha Sohmer, and Kathy L. Fellgren, individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

UnitedHealth Group, Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, Optum, Inc., and OptumRx, Inc.,

     Defendants.

Civ. No. 18-3191 (JNE/BRT)

**FOURTH AMENDED PRETRIAL SCHEDULING ORDER**

During a telephone status conference on May 20, 2020, the Court and the parties discussed certain interim deadlines set forth in the Third Amended Scheduling Order (Doc. No. 101), namely, those (1) for noticing fact depositions and serving Rule 45 subpoenas seeking fact depositions  and (2) filing non-dispositive motions relating to written discovery, including the production of documents. This parties have now submitted Joint Proposed Revisions to Third Amended Pretrial Scheduling Order. (Doc. No. 109.) The Court adopts the proposed revisions and the Third Amended Pretrial Scheduling Order is amended as set forth below.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case

with the input of the parties. The parties and their counsel must diligently work to meet

all the deadlines and obligations set forth in the Order.

## STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal

motion is not necessary; however, any stipulation to support a proposed amendment must

show good cause and explain how the requirements of Local Rule 16.3 are satisfied.

Agreement between the parties is not sufficient. If any proposed amended

deadlines have already expired, any stipulation must also address the requirements of

Local Rule 16.3(d). Stipulated proposals must be filed, and the parties must submit a

proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

## MODIFICATION OF A SCHEDULING ORDER, IF OPPOSED

If any portion of a proposed amended scheduling order is opposed, a motion to

modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

## DEADLINE FOR FACT DISCOVERY

The parties must commence fact discovery procedures in time to be completed on

or before **September 4, 2020**. The parties' document production pursuant to Requests for

Production of Documents must be substantially complete by **May 15, 2020**. The time for

serving additional document requests has passed. No additional document requests,

including document requests via Rule 45 subpoenas may be served without leave of

court.

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side.

2. No more than 50 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 75 requests for admissions shall be served by each side.

4. No more than 15 factual depositions, excluding expert witness depositions, shall be taken by each side. With this many fact depositions, the parties <u>should</u> identify fact depositions as early as practicable; however, the parties <u>must</u> identify fact depositions no later than **July 3, 2020**. **Rule 45 subpoenas seeking fact depositions of non-parties other than former employees of Defendants must be served no later than May 15, 2020**. Counsel for the parties must meet and confer to discuss their plan for scheduling fact depositions as fact deponents are identified. The schedule for all fact depositions must be set no later than **July 23, 2020** so they are completed by **September 4, 2020**. The parties must consider whether any of the fact depositions can be conducted by video or telephone, if travel restrictions continue to apply.

5. The parties must meet and confer and identify topics no later than **February 13, 2020** relating to any Rule 30(b)(6) depositions. This early deadline is set to allow the parties to meet and confer about the topics in order to identify appropriate designees and get the deposition scheduled well within the fact discovery period. Notices must be served no later than **March 13, 2020**. **These deadlines have already passed.**

## DEADLINES FOR EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1.      The parties have not shown good cause to extend the date by which they need to discuss their anticipated experts as proposed. This structure was put in place early in the litigation. At this time, the parties must promptly propose a firm schedule. When the Second Amended Pretrial Scheduling Order was issued, the plaintiffs anticipated calling up to 2 experts in the fields of prescription drug health plans and the administration thereof, and damages. The defendants anticipated calling up to 3 experts, including, but not limited to potential rebuttal experts.

2.      The parties must meet and confer to confirm their anticipated experts no later than **May 1, 2020**. The purpose is to determine what initial experts (non-rebuttal) versus rebuttal experts each side will call.

3.      The parties must file a proposed schedule for the exchange of expert reports no later than **May 15, 2020**. If the parties disagree on the schedule, they must schedule a conference call by **May 7, 2020**. The deadline for completing all expert discovery is **January 25, 2021**. The parties are free to tailor their expert schedule to the needs of the case.

4.      All expert discovery, including expert depositions, must be completed by **January 25, 2021**.

5.      The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

6.      The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time.

7.      Each side may call up to 3 experts. Each side may take 1 deposition per expert.

## **PRIVILEGE LOG**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's Complaint was filed in this action. Privilege logs must be provided by the producing party within 14 days of the production from which documents are withheld.

## NON-DISPOSITIVE MOTION DEADLINES

1.   Motions seeking to join other parties must be filed and served by **September 30, 2019**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline. **This deadline has already passed**.

2.   Motions seeking to amend the pleadings must be filed and served by **September 30, 2019**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline. **This deadline has already passed**.

3.   Motions seeking an amendment of the pleadings to add a claim for punitive damages, if applicable, must be filed and served by **November 15, 2019**. **This deadline has already passed**.

4.   Non-dispositive motions.

   a.   All non-dispositive motions relating to discovery responses served, or documents produced, prior to June 1, 2020, must be filed and served by **July 1, 2020**.

   b.   All non-dispositive motions relating to other fact discovery, including discovery responses served, or documents produced, after June 1, 2020, must be filed and served by **September 8, 2020**.

   c.   All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **January 26, 2021**.

   d.   The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing

Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions,

also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer

through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## **INFORMAL DISPUTE RESOLUTION (IDR)**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no**

**agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice**.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

## <u>DISCOVERY DISPUTES</u>

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| |
|---|
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The history and current status of the dispute should be clear to the Court without having to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

## CLASS CERTIFICATION MOTION and DISPOSITIVE MOTINS

The Court declines to adopt the parties' proposals on Class Certification and briefing and dispositive motions at this time. Plaintiffs' motion and supporting documents (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be filed and served on or before **October 5, 2020**. Prior to the filing, Counsel must **jointly** call Judge Ericksen's Courtroom Deputy, Cathy Cusack, at 612-664-5890 to schedule the hearing for the class certification motion. Defendants' opposition is due **November 16, 2020**. Plaintiffs' Reply is due **December 18, 2020**.

When the motion papers, response, or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Courtroom Deputy Cathy Cusack at the same time as the documents are posted on ECF.

## DISPOSITIVE MOTIONS

All dispositive motions and supporting documents (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be filed and served on or before **April 30, 2021**. Counsel for the moving party shall call Judge Ericksen's Courtroom Deputy, Cathy Cusack, at **612-664-5890** to schedule the hearing for the dispositive motion. Upon receipt of a hearing date (or an instruction that the hearing will take place at a date and time to be determined by the Court), the moving party shall immediately file and serve the dispositive motion and supporting documents.

The parties shall comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Courtroom Deputy Cathy Cusack at the same time as the documents are posted on ECF.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is

complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## PROTECTIVE ORDER

A protective order is in place. (Doc. No. 54.)

## FILING DOCUMENTS UNDER SEAL

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. See http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

## PRIVILEGE/PROTECTION

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

## SETTLEMENT CONFERENCE

The parties are scheduled for a private mediation in July 2020. Counsel should notify the Court after the private mediation if the matter has settled.

## TRIAL

This case will be ready for a **jury** trial on or about **August 16, 2021**. The anticipated length of trial is **5-7** days.

To the extent they do not conflict with this Fourth Amended Pretrial Scheduling Order, all other applicable deadlines and requirements set forth in the Pretrial Scheduling Order and the Supplemental Pretrial Scheduling Order (Doc. Nos. 71, 81, 95, 101) remain in full force and effect.

Date: May 28, 2020                     *s/ Becky R. Thorson*
                                       BECKY R. THORSON
                                       U.S. Magistrate Judge

11