# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMANTHA SOHMER and KATHY L. FELLGREN, Individually and on Behalf of All Others Similarly Situated, | Case No. 18-cv-03191 (JNE/BRT) |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES** |
| vs. | |
| UNITEDHEALTH GROUP INC., UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY, OPTUM, INC., and OPTUMRX, INC., | |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ...................................................................................... 2

     A.    Procedural History ....................................................................... 2

     B.    The Parties' Meet-And-Confer Positions Regarding the Transaction Data ............................................................................................ 3

III.    LEGAL STANDARD ............................................................................. 5

IV.   LEGAL ARGUMENT ............................................................................ 6

     A.    Defendants Should Amend Their Response to Interrogatory No. 2 ............. 6

          1.    Defendants' Response Does Not Comply with Rule 33(b) ............... 8

          2.    Defendants' Response Does Not Comply with Rule 33(d) ............. 9

          3.    Defendants' Burden Objection Lacks Merit .................................. 11

     B.    Defendants Should Amend Their Response to Document Request No. 25 ....................................................................................... 13

          1.    Defendants' Response Does Not Comply with Rule 34(b)(2)(c) ........................................................................... 14

     C.    Defendants Should Amend Their Response to Document Request Nos. 26 and 30 ........................................................................... 15

          1.    These Requests are Relevant to Class Certification and Damages ........................................................................... 18

          2.    These Requests Are Proportionate to the Needs of the Case .......... 19

V.     PLAINTIFFS' REQUESTED RELIEF.................................................. 21

## <u>TABLE OF ATHORITIES</u>

Cases

*Amador v. U.S. Bank National Association*,
   2017 WL 5151680 (D. Minn. November 6, 2017) ....................................... 6
*Asberry v. Cate*,
   No. 2:11-CV-2462 KJM KJN, 2014 WL 1286191 (E.D. Cal. Mar. 31, 2014).............. 12
*Ayers v. Continental Cas. Co.*,
   240 F.R.D. 216 (N.D.W. Va. 2007) ................................................................. 9
*Basra v. Ecklund Logistics, Inc.*,
   No. 8:16CV83, 2016 WL 7413474 (D. Neb. Dec. 22, 2016) ........................... 8
*Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*,
   55 F.R.D. 354 (W.D. Mo. 1972) ..................................................................... 8
*CapRate Events, LLC v. Knobloch*,
   No. 17-CV-5907-NGG-SJB, 2018 WL 4378167 (E.D.N.Y. Apr. 18, 2018) ............... 15
*Cincinnati Ins. Co. v. Fine Home Managers*,
   2010 WL 2990118 (E.D. Mo. July 27, 2010) .................................................. 6
*Flour Mills, Inc. v. Pace*,
   75 F.R.D. 676 (D.Okla.1977)......................................................................... 12
*Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*,
   2019 WL 2241862 (D. Minn. May 24, 2019) ................................................. 6
*Handi–Craft Co. v. Action Trading, S.A.*,
   No. 02–cv–1731, 2003 WL 26098543 (E.D.Mo. Nov. 25, 2003) ................. 13
*In re Folding Carton Antitrust Litig.*,
   83 F.R.D. 256 (N.D. Ill. 1979) ....................................................................... 12
*In re G-I Holdings Inc.*,
   218 F.R.D. 428 (D.N.J. 2003)......................................................................... 10
*In re: Nat'l Arbitration Forum Litig.*,
   2010 WL 11469529 (D. Minn. Feb. 16, 2010) ............................................... 6
*Johnson v. Nekoosa–Edwards Paper Co.*,
   558 F.2d 841.................................................................................................. 18
*Mallak v. Aitkin Cty.*,
   No. 13-cv-2119, 2016 WL 9088760 (D. Minn. Dec. 22, 2016) ..................... 6
*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ...................................................................................... 18
*Perfect 10 Inc. v. Giganews, Inc.*,
   No. 11-cv-7098, 2014 WL 12586247 (C.D. Cal. June 2, 2014) .................... 10
*Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc.*,
   No. 04-cv-73923, 2005 WL 8154950 (E.D. Mich. Nov. 15, 2005).............. 10
*Regents of Univ. of Minn. v. AT&T Mobility LLC*,
   2016 WL 7972908 (D. Minn. Dec. 13, 2016)................................................. 6

*Reyes v. Educ. Credit Mgmt. Corp.*,
  No. 15CV628-BAS(JMA), 2016 WL 9488704 (S.D. Cal. Sept. 20, 2016)................. 19
*Rubin v. Islamic Republic of Iran*,
  349 F.Supp.2d 1108 (N.D. Ill. 2004) ............................................................. 6
*Stewart v. Winter*,
  669 F.2d 328 (5th Cir. 1982)....................................................................... 18
*Tekstar Commc'ns, Inc. v. Sprint Commc'ns Co. L.P.*,
  No. 08-cv-1130, 2009 WL 10711788 (D. Minn. May 14, 2009) ................................ 10
*U.S. ex rel. Englund v. Los Angeles Cty.*,
  235 F.R.D. 675 (E.D. Cal. 2006) ................................................................. 10
*Wagner v. Dryvit Sys., Inc.*,
  208 F.R.D. 606 (D. Neb. 2001)......................................................... 10, 12, 13
*Webb v. Ethicon Endo-Surgery, Inc.*,
  No. CIV. 13-1947 JRT/JJK, 2015 WL 317215 (D. Minn. Jan. 26, 2015) .................... 13
*WIMCO, LLC v. Lange Indus., Inc.*,
  No. 06-cv-3565 (PJS/RLE), 2007 WL 9747496 (D. Minn. Oct. 2, 2007).................... 10

Rules

Fed. R. Civ. P. 26(b).......................................................................... 5, 6
Fed. R. Civ. P. 26(b)(1) ........................................................................ 5
Fed. R. Civ. P. 33................................................................................ 9
Fed R. Civ. P. Rule 34 .................................................................... 14, 15
**Rule 33(d)** .......................................................................... 9, 10, 11

## I.    INTRODUCTION

Plaintiffs Samantha Sohmer and Kathy L. Fellgren ("Plaintiffs"), respectfully submit this memorandum of law in support of their motion to compel the production of fulsome and complete responses to Plaintiffs' Interrogatory No. 2, and Plaintiffs' Request for Production of Documents Nos. 25, 26 and 30 (the "Requests").

Plaintiffs' plans contained "lesser-of-three" language that provided that the cost share paid for prescription drugs would be the lesser of: (1) a stated copay amount; (2) the pharmacy's usual and customary charge ("U&C"); or (3) the "Prescription Drug Charge" that Defendants agreed to pay the network pharmacy. The Requests seek information relating to prescription drug transactional data ("Transaction Data") from Defendants,[1] including documents and information necessary to understand and use the data. Plaintiffs are seeking to identify "lesser-of-three" plans, the effective dates of such plans, and to identify and calculate damages, including the overcharges and clawbacks that were incurred by Plaintiffs and the Class.

There is no dispute that the Requests seek data, documents, and information necessary and relevant to Plaintiffs' claims, and go to the heart of the issue of determining damages Plaintiffs and the Class have suffered. Instead, the dispute centers upon Defendants' obligations in responding to the Requests. Defendants have not provided

---

[1] Defendants are UnitedHealth Group, Inc. ("UnitedHealth"), United Healthcare Services, Inc. ("UHC Services"), United HealthCare Insurance Company ("UHC Insurance"), Optum, Inc., and OptumRx, Inc. (Optum, Inc. and OptumRx, Inc. are collectively referred to as "OptumRx").

documents and information necessary to sufficiently identify the Plans that are issue in the litigation, i.e., plans with summary plan descriptions ("SPDs") that contain "lesser-of-three" language but were inappropriately adjudicated using "lesser-of-two" logic, the effective dates of such plans, the transactions that were improperly adjudicated and the amounts of overcharges, including clawbacks where the pharmacy collected cost share amounts in excess of the amount Defendants paid the pharmacy. The Transaction Data consist of numerous datasets from multiple databases, containing hundreds of millions of transactions, and include different field names that are not consistent across the databases, preventing Plaintiffs from confirming that certain fields can be matched across databases. Moreover, Plaintiffs have identified discrepancies in the Transaction Data and seek information necessary to identify, understand and properly interpret the data.

## II.   BACKGROUND

### A.   Procedural History

Plaintiffs served their First Set of Requests for Production of Documents on March 19, 2019, and their First Set of Interrogatories on October 7, 2019. (Declaration of Mathew P. Jasinski ["Jasinski Decl."], ¶4.) Defendants responded to Plaintiffs' First set of Requests for Production of Documents and First Set of Interrogatories on April 19, 2019 and November 6, 2019, respectively. (Jasinski Decl., ¶5.)

Plaintiffs began meeting-and-conferring with Defendants regarding claims data on June 5, 2019, with follow-up conference calls on September 26, 2019 and October 1, 2019. Plaintiffs' counsel summarized those meet-and-confer discussions with an October 7, 2019 letter to Defendants' counsel. (Jasinski Decl., ¶6.) Defendants' counsel provided a written

response to Plaintiffs meet-and-confer letter on November 8, 2019. Defendants did not start producing class-wide Transaction Data for another four months. (Jasinski Decl., ¶7.)

On April 23, 2020, and May 14, 2020, Defendants produced Transaction Data for the period October 4, 2010 through January 31, 2020. The Transaction Data contained hundreds of millions of transactions. (Jasinski Decl., ¶8, Doc. No. 119, at p. 2.)

Given the volume and complexity of the Transaction Data, and Plaintiffs' inability to interpret it, the parties stipulated to additional time for Plaintiffs to process, review, and analyze the Transaction Data and engage in the meet-and-confer process. (Doc. No. 119, at pp. 2-3.) The Court also extended the deadline for Plaintiffs to file and serve non-dispositive motions relating to the Transaction Data to September 8, 2020. (Doc. No. 119, at p. 3.)

## B.     The Parties' Meet-And-Confer Positions Regarding the Transaction Data

Following the production of the Transaction data in April and May of this year, Plaintiffs have diligently pursued further data and information and have engaged in extensive, on-going meet and confer discussions, which included an exchange of numerous emails and letters over the past four months to attempt to fully understand the Transaction Data and related documents necessary for Plaintiffs and their experts to use and understand the data so that they can properly and accurately calculate damages. (Jasinski Decl., ¶9.)

After Plaintiffs' counsel and their expert studied the Transaction Data, they found several important discrepancies. For example, Plaintiffs found substantially fewer policy numbers in the claims data than in the SPDs. There were also fewer plans in Defendants'

list of plans with lesser-of-three SPD language that Defendants identified as having been adjudicated under lesser-of-two logic. (Jasinski Decl., ¶10.) Plaintiffs also found 661 policy numbers on Defendants' list of Key and National Accounts that did not appear in the Transaction Data. (Jasinski Decl., ¶11.) Plaintiffs also found large amounts of data where the fields were blank or null in the Transaction Data. Despite Plaintiffs requests that these discrepancies be resolved, these issues remain. (*Id.*)

On June 17, 2020, Plaintiffs wrote to Defendants to pose a number of questions concerning the Transaction Data. (Jasinski Decl., ¶12.) On June 26, 2020, Plaintiffs sent follow-up correspondence to Defendants' counsel regarding open questions about Transaction Data. Although Defendants informally provided some responsive information in the context of mediation, they did not otherwise respond. (Jasinski Decl., ¶13.) Accordingly, on August 13, 2020, Plaintiffs sent a formal meet-and-confer letter to Defendants, explaining Plaintiffs' and their expert's inability to interpret Defendants' Transaction Data. (Jasinski Decl., ¶14.).

Although Defendants have not yet provided a written response, the Parties met-and-conferred about the Transaction Data, among other things, most recently on September 4, 2020, in anticipation of the September 8, 2020 deadline for "non-dispositive motions relating to Defendants' prescription drug transaction data" (Jasinski Decl., ¶15, Doc. No. 119). Motions concerning Plaintiffs' Interrogatory No. 2 and Requests for Production Nos. 25, 26, and 30 are subject to this deadline. (*See* Doc. No. 130 at 5, ¶ 4(a).) Motions concerning the other discovery requests addressed in the August 13, 2020 letter

(Interrogatory Nos. 13, 14, and 21) post-date June 1, 2020, and thus are not subject to this deadline. (*See id*.).

During the September 4, 2020 meet-and-confer, Defendants indicated that they would provide a response to Plaintiffs' August 13, 2020 letter and would provide some additional information. Indeed, later that afternoon, Defendants produced a document that appears to link certain database terms to their natural language counterparts, which was one of the issues raised in the August 13 letter. (Jasinski Decl., ¶16.) In this regard, the Parties agreed during the September 4 meet and confer that, in light of the September 8 deadline, Plaintiffs would file this motion to compel the information sought in order to protect their rights, however the Parties would continue to attempt to resolve this dispute on their own while this motion is pending. (Jasinski Decl., ¶17.) Just today, Defendants provided a written response to Plaintiffs' August 13 letter, which Plaintiffs are continuing to review. It is apparent, however, that Defendants' letter does not conclusively resolve the issues at hand.

## III.   LEGAL STANDARD

Fed. R. Civ. P. 26(b) governs the scope and limits of discovery in this case. Fed. R. Civ. P. 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The scope of discovery under Fed. R. Civ. P. 26(b) is extremely broad, and relevance is to be broadly construed, even since the recent change in the rule. *Amador v. U.S. Bank National Association*, 2017 WL 5151680 (D. Minn. November 6, 2017) (citing *Mallak v. Aitkin Cty.*, No. 13-cv-2119, 2016 WL 9088760, at *4–5 (D. Minn. Dec. 22, 2016); *Regents of Univ. of Minn. v. AT&T Mobility LLC*, 2016 WL 7972908, at *3 (D. Minn. Dec. 13, 2016)). Because the rules "allow for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited." *Cincinnati Ins. Co. v. Fine Home Managers*, 2010 WL 2990118, *1 (E.D. Mo. July 27, 2010) (citing *Rubin v. Islamic Republic of Iran*, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)); *see also Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*, 2019 WL 2241862 at *2 (D. Minn. May 24, 2019); *In re: Nat'l Arbitration Forum Litig.*, 2010 WL 11469529, at *3 (D. Minn. Feb. 16, 2010) (it is "axiomatic" that the resisting party bears the burden of explaining why discovery should be limited).

## IV.   LEGAL ARGUMENT

### A.   Defendants Should Amend Their Response to Interrogatory No. 2

Defendants should be compelled to respond to Interrogatory No. 2 to identify and describe the specific data and data elements necessary to identify the claims at issue and calculate damages, including overcharges and clawbacks.

> **INTERROGATORY NO. 2:** Please identify each claim adjudicated during the Relevant Period for which a participant paid a Cost Share that exceeded the amount paid or credited to the pharmacy for a prescription drug when the corresponding SPD provided for Lesser of Three Logic and for each such claim provide the (a) date prescription was filled; (b) patient's name; (c) all claim identification codes and numbers; (d) all member/participant identification codes and numbers; (e) drug name; (f)

pharmacy name; (g) pharmacy identification code and number; (h) average wholesale price; (i) usual and customary charge; (j) drug tier; (k) applicable copayment or coinsurance amount under the applicable plan for the respective drug tier; (l) all ingredient costs; (m) all dispensing fees; (n) all sales tax amounts; (o) copayment amount paid; (p) coinsurance amount paid; (q) amount paid toward deductible; (r) remaining balance of deductible after payment of claim; (s) amount paid to pharmacy; (t) funding arrangement; and (u) claim status.

**RESPONSE TO INTERROGATORY NO. 2:** Defendants reassert their objections to the definitions of "Relevant Period," and "Cost Share" as set forth above in the General Objections.[2] Defendants further object to this interrogatory on the grounds that it is overly broad and unduly burdensome, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit, particularly because it purportedly requires Defendants to identify "each claim" and certain information contained within "each such claim." Defendants further object to this interrogatory on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms and ambiguous phrases "all claim identification codes and numbers," "all member/participant identification codes and numbers," "applicable copayment or coinsurance amount under the applicable plan for the respective drug tier," and "all ingredient costs." Defendants also object to this interrogatory to the extent it seeks individual patient health information (PHI) or any other information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Defendants reserve the right to redact and/or not produce any identifiable information regarding any person, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case. Defendants further object to this interrogatory because discovery is ongoing, and therefore reserve the right to supplement, revise, correct, clarify, or amend their answer to this interrogatory.

Subject to and without waiving the foregoing objections, Defendants respond as follows: After reasonable investigation, the information requested in the interrogatory is not maintained by Defendants in the

---

[2] Plaintiffs defined "Relevant Period" as the "period from October 4, 2010 to the present (the "Relevant Period")… includ[ing] all documents and information that relate to such period, even if prepared or published outside of the Relevant Period."

Plaintiffs defined "Cost Share" as a "copayment, coinsurance payment, payment toward satisfying a deductible, or any combination thereof."

ordinary course of business in the form and format requested by Plaintiffs. In lieu of further written response, Defendants will produce available prescription drug transaction data for outpatient prescription drugs purchased at retail Network Pharmacies sufficient to show the information sought by this interrogatory. Defendants are unclear what Plaintiffs mean to request in subsection (k), but do not believe data is available other than the copayment or coinsurance amount paid. If Plaintiffs are seeking information about the applicable copayment or coinsurance amount under the applicable plan for a particular drug tier, Defendants refer Plaintiffs to the SPDs produced at UNH-Sohmer-00000873- UNH-Sohmer-06450146. In addition, the information in subsection (r) is not always available in the prescription drug transaction data, nor is the (o), (p), or (q) always separated out. If available, Defendants will provide the information.

Defendants cannot identify a date certain for this production as in order to respond to Plaintiffs' interrogatory, they first need to identify each SPD that included lesser of three logic where retail Network Pharmacy prescription drug claims were set up to adjudicate as lesser of two. In addition, prior to production of prescription drug transaction data, Defendants need to meet and confer with Plaintiffs regarding the fields for production. Defendants are actively collecting the information needed at this time and will continue to keep Plaintiffs apprised of developments in the process.

### 1.    Defendants' Response Does Not Comply with Rule 33(b)

Rule 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected

to, be answered separately and fully in writing under oath." A response which merely refers

to documents is not enough. "The answer to an interrogatory must be responsive to the

question; it should be complete in itself and should not refer to other documents." *Basra v.*

*Ecklund Logistics, Inc.*, No. 8:16CV83, 2016 WL 7413474, at *1 (D. Neb. Dec. 22, 2016)

(*citing Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 356 (W.D. Mo.

1972)).

Defendants' response to this interrogatory does not comply with Rule 33(b)(3)

because it refers to documents instead of providing a complete, narrative response.

Moreover, Defendants' response is deficient because the documents do not, contrary to the

response, contain the information "sufficient to show" the answer to this interrogatory or explain how to determine the answer from Defendants' document productions.

Defendants' response also fails because it improperly attempts to shift the burden of discovery back to Plaintiffs. Defendants state that "in order to respond to Plaintiffs' interrogatory, they first need to identify each SPD that included lesser of three logic where retail Network Pharmacy prescription drug claims were set up to adjudicate as lesser of two." Defendants have produced a list of SPDs that apparently match this description, but Defendants have not provided the information needed to identify which transactions were governed by those SPDs or to re-adjudicate those claims using lesser-of-three logic. Defendants cite no authority, nor can they, allowing them to shift their burden of compliance or condition their response in this manner. "A respondent may not impose on an interrogating party a mass of records to which research is feasible only for one familiar with the records." Fed. R. Civ. P. 33 advisory committee note (1970). "In that case, the served party must fully answer the interrogatory." *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W. Va. 2007).

## 2. Defendants' Response Does Not Comply with Rule 33(d)

Defendants did not invoke Rule 33(d) in response to this interrogatory. However, even if they did, Defendants' response would still be deficient because identification of the documents in the response does not tell Plaintiffs with adequate specificity where to find the information they requested nor how to use or understand the information. "The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with

9

them." *In re G-I Holdings Inc.*, 218 F.R.D. 428, 438 (D.N.J. 2003) (internal citations omitted); *see also Tekstar Commc'ns, Inc. v. Sprint Commc'ns Co. L.P.*, No. 08-cv-1130, 2009 WL 10711788, at *11-12 (D. Minn. May 14, 2009) (accepting responding party's representation that it does not maintain information in format requested but requiring party to compile requested information because of "specialized knowledge" and "intrinsic familiarity" with its own records); *U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 681 (E.D. Cal. 2006) (finding that "it would be less burdensome for defendant to provide the compilation required than for plaintiff to attempt to ferret the information from various documents and risk challenge by defendant that her calculations were incorrect"); *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) ("The fact that a corporation has an unwieldy record keeping system which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information.").

At a minimum, Defendants must provide Plaintiffs with narrative responses sufficient to enable them to ascertain the information sought. *See, e.g., Perfect 10 Inc. v. Giganews, Inc.*, No. 11-cv-7098, 2014 WL 12586247, at *2 (C.D. Cal. June 2, 2014) (ordering defendant "to provide any additional technical expertise it may have to plaintiff as to how plaintiff itself may decode" defendant's data); *WIMCO, LLC v. Lange Indus., Inc.*, No. 06-cv-3565 (PJS/RLE), 2007 WL 9747496, at *2 (D. Minn. Oct. 2, 2007) (requiring defendant to supplement interrogatory response to provide the means for plaintiff to interpret information produced under Rule 33(d)); *Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc.*, No. 04-cv-73923, 2005 WL 8154950, at *3 (E.D. Mich. Nov. 15,

2005) (concluding that defendants did not meet burden under Rule 33(d), "given the nature of the raw data and [p]laintiff's failed attempts to calculate the information responsive to its discovery requests"). Finally, Defendants' objection that they do not maintain responsive information in the format requested by Plaintiffs does not relieve Defendants of their obligation to produce information necessary to respond to Plaintiffs' interrogatory.

### 3.    Defendants' Burden Objection Lacks Merit

Defendants do not dispute the relevance of the information sought in Plaintiffs' interrogatory, nor can they. The interrogatory relates to information necessary for Plaintiffs to identify class members, their overcharges and calculate damages, which goes to the heart of Plaintiffs' claims. Instead, Defendants focus on the burden involved in gathering the information:

> Defendants further object to this interrogatory on the grounds that it is overly broad and unduly burdensome, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit, particularly because it purportedly requires Defendants to identify "each claim" and certain information contained within "each such claim."

This objection does not withstand scrutiny. First, Defendants' objection lacks any specificity as to the actual burden and costs associated with providing the responsive information. Plaintiffs' access to relevant information is not equivalent to Defendants' access. Plaintiffs do not have access to Defendants' systems to perform the searches or calculations, nor do Plaintiffs have access to internal personnel who know what searches and calculations to perform. Second, the proposed discovery is critically important to Plaintiffs' case. It will allow Plaintiffs' counsel and their expert to calculate damages and

identify potential class members. Third, Defendants offer no evidence to support their claim that the burden or expense of the proposed discovery outweighs its likely benefit. "[A]n objection that discovery is overly broad and unduly burdensome must be supported by affidavits or offering evidence revealing the nature of the burden and why the discovery is objectionable." *Wagner*, 208 F.R.D. at 610 (D. Neb. 2001).

Defendants' burden objection also fails because they need this same information to challenge Plaintiffs' class certification motion and damages calculations for trial. Where the "responding party would necessarily have to gather the requested information to prepare its own case, objections that it is too difficult to obtain the information for the requesting party are not honored." *Asberry v. Cate*, No. 2:11-CV-2462 KJM KJN, 2014 WL 1286191, at *3 (E.D. Cal. Mar. 31, 2014) (citing *Flour Mills, Inc. v. Pace*, 75 F.R.D. 676, 680 (D.Okla.1977)); *see also In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) (interrogatories not objectionable on the ground of burden where they relate to objecting party's statute of limitations defense and to information objecting party would gather in the preparation of its own case). If Defendants contend that additional information not yet produced is needed to calculate damages, then Defendants should be required to produce the data and information needed to perform that analysis.

Here, Plaintiffs require data and information necessary to identify class members and quantify the amount of overcharges and clawbacks they have suffered.  In order to do so, Plaintiffs will need to have data and information necessary to identify class members' and calculate their damages. Defendants will challenge the accuracy of Plaintiffs' identification of class members and their classwide damages calculations. Thus,

Defendants must be required to provide data and information, within their exclusive control, for Plaintiffs to perform such analyses. Defendants cannot have it both ways. They cannot claim that Plaintiffs should be required to make certain assumptions regarding what Defendants' data means as well as speculate as to the meaning of certain data elements and refuse to disclose such information. "The fact that a corporation has an unwieldy record keeping system which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information." *Webb v. Ethicon Endo-Surgery, Inc.*, No. CIV. 13-1947 JRT/JJK, 2015 WL 317215, at *7 (D. Minn. Jan. 26, 2015) (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D.Neb.2001); *Handi–Craft Co. v. Action Trading, S.A.*, No. 02–cv–1731, 2003 WL 26098543, at *11 (E.D.Mo. Nov. 25, 2003)). Defendants' objections to Integratory No. 2 should be overruled and Defendants ordered to provide a fulsome and complete response.

### B.   Defendants Should Amend Their Response to Document Request No. 25

Defendants should be compelled to produce all Transaction Data needed for Plaintiffs to identify the claims at issue and calculate damages.

**DOCUMENT REQUEST NO. 25:** All Prescription Drug Transaction Data for Plaintiffs' and the Class' transactions where there was an Overcharge and/or Clawback.

**DEFENDANTS' RESPONSE:** Defendants reassert their objections to the definitions of "Overcharges" and "Prescription Drug Transaction Data," as set forth above in the General Objections.[3] Defendants further object to this

---

[3] Plaintiffs defined "Overcharges" as "Coinsurance Overpayments and Spread."
Plaintiffs defined "Prescription Drug Transaction Data" as "all information relevant to a prescription drug transaction, including, but not limited to, all information stored in the

Request to the extent it is duplicative of Request No. 9. Defendants also object to the definitions of "ERISA Class" and "Non-ERISA Class" in the Class Action Complaint and, as that definition is incorporated in this Request, the Request seeks data that is not relevant to any claims or defenses in this action. For example, consistent with the Court's order on Defendants' motion to dismiss in the Previous Action and the Stipulation for Partial Dismissal (ECF 63) and the corresponding Order (ECF 68), Plaintiffs have dismissed all claims for transactions under prescription drug benefit plans that describe the member contribution amount as the lower of (1) the applicable Copayment and/or Coinsurance or (2) the network pharmacy's U&C (i.e., "lesser-of-two" plans). Yet, this Request seeks information regarding prescription drug transactions pursuant to such plans. The Request is also irrelevant to the extent it seeks information regarding transactions beyond purchases of outpatient prescription drugs at retail Network Pharmacies.

Defendants will produce by April 26, 2019, the administrative record generated during the review of Plaintiffs' claims for benefits that were administratively exhausted following dismissal of the Previous Action. Defendants are also willing to meet and confer with Plaintiffs regarding potential production of other prescription drug transaction data, once Plaintiffs have defined a more limited putative class that does not include claims that have been already dismissed in this action. Other responsive documents will be withheld on the basis of Defendants' objections.

### 1.  Defendants' Response Does Not Comply with Rule 34(b)(2)(c)

Rule 34(b)(2)(C) obligates a party, when responding to a request for production, to

"state whether any responsive materials are being withheld on the basis" of its objection.

Fed R. Civ. P. Rule 34 (2015). The Advisory Committee Notes state that when a party

---

NCPDP database, Insured's name, address, birth date, gender, plan name, plan type, National Drug Code ("NDC"), drug description, drug quantity, Participating Pharmacy name, Participating Pharmacy address, prescription number, date of transaction, store number, Fees Paid by Insured, Fees Paid to Pharmacy, amount of Spread, amount of Clawback, whether the Cost-Share was a copayment or co-insurance, the co-insurance percentage, the Insured's deductible amount, accumulated deductible, and remaining deductible, the basis for Fees Paid by Insured (*e.g.*, whether the transaction was in the deductible portion of the policy and whether it involved a deductible payment, coinsurance payment, or copayment), and the usual and customary charge."

objects to a request for production because it is overbroad, it must also acknowledge if "some part of the request is appropriate [and] state the scope that is not overbroad." Advisory Committee Notes, Fed. R. Civ. P. 34 (2015). "[I]f the [request] is overbroad…[the responding party] is obligated to produce documents that fit within a reasonable construction (i.e. nonoverbroad reading) of the [request], and state why the remainder of documents are not being produced. *CapRate Events, LLC v. Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018).

Here, Plaintiffs' request seeks Transaction Data for Plaintiffs and putative class members for instances where they were overcharged. Defendants' objections seize on the fact that Plaintiffs' claims do not include SPDs with lesser-of-two language. This fact does not excuse Defendants' obligation to produce documents for claims governed by SPDs with lesser-of-three language (and Plaintiffs have confirmed that only such lesser-of-three plans are at issue). In today's letter, Defendants confirmed that they have not produced plan-variation code information that is necessary to identifying the specific SPD associated with each prescription drug transaction. Defendants must amend this response and produce responsive documents accordingly.

## C.   Defendants Should Amend Their Response to Document Request Nos. 26 and 30

Plaintiffs propounded Requests Nos. 26 and 30 so that once Plaintiffs have all relevant Transaction Data, they will know what to do with it. Defendants produced Transaction Data earlier this year, but as anticipated it is massive and unwieldy. Plaintiffs need complete responses to these requests to fully understand Defendants' Transaction

Data. In today's letter, Defendants' counsel provided answers to certain questions, although they assert that "such requests should be through formal discovery rather than informal counsel-to-counsel communications." Defendants also stated that they will produce additional data dictionaries. In this regard, it is possible that Defendants answers and data dictionaries may narrow the issue in dispute. That said, Defendants contend that "a full adjudication of claims would be necessary if Plaintiffs were able to prove liability," while at the same time they insist that "an actual readjudication of claims going back ten years is not possible." And Defendants refuse to inform Plaintiffs as to whether there is additional information that Defendants have not produced that they maintain Plaintiffs need to calculate damages.

> **DOCUMENT REQUEST NO. 26:** Documents sufficient to identify the databases or sources of Prescription Drug Transactional Data, including all data elements captured, all data dictionaries and mapping Documents necessary to correctly interpret the Prescription Drug Transaction Data; all decoding Documents that facilitate the translation of values contained in the Prescription Drug Transaction Data; and mapping Documents or datasets connecting values in previous periods to their equivalent counterparts, to the extent that codes or values have changed over time, as the result of a database platform shift or redesign.

> **DEFENDANTS' RESPONSE:** Defendants reassert their objection of "Prescription Drug Transaction Data," as set forth above in the General Objections. Defendants further object to this Request because it seeks evidence and information beyond the scope of the administrative record. It is Defendants' position that judicial review of the claim determination of Plaintiffs' benefit claims at issue should be made based on the administrative record, which has already been provided to Plaintiffs.

> Even if discovery in this matter were permitted beyond the administrative record, though it is not, Defendants object to this Request as overly broad and seeking documents not relevant to any claims or defenses. This case involves Plaintiffs' claim for benefits as it relates to outpatient prescription drug benefits for certain purchases at retail Network Pharmacies. The requested documents are not relevant to whether Plaintiffs are entitled

to the benefits sought. Defendants further object to this Request because its scope is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Request for "all data elements captured, all data dictionaries and mapping Documents," "all decoding Documents," and "mapping Documents or datasets" seeks documents and information not relevant to the claims of defenses in this action. In addition, the terms "data dictionaries," "mapping," and "decoding" are vague and ambiguous so as to make a response impossible without speculation as to the meaning of these terms. Moreover, as written, the Request could be read to seek all drafts and communications about such "decoding" or "mapping" documents, including emails from Defendants' employees regarding the prescription drug transaction data. Searching for such emails would require an extensive search and would not likely generate information relevant to the claims or defenses in this matter.

Responsive documents will be withheld on the basis of Defendants' objections.

**DOCUMENT REQUEST NO. 30:** All Documents necessary to efficiently re-adjudicate all claims for which Insured were Overcharged to calculate Overcharges on an individual and class basis.

**DEFENDANTS' RESPONSE:** Defendants reassert their objection to the definition of "Overcharges," as set forth above in the General Objections. Defendants object to this Request as overly broad, vague, and ambiguous so as to make a response impossible without speculation. Defendants do not understand what Plaintiffs are requesting and it would require speculation as to what Plaintiffs believe is necessary to efficiently re-adjudicate any claims. Defendants further object to this Request because it seeks evidence and information beyond the scope of the administrative record. It is Defendants' position that judicial review of the claim determination of Plaintiffs' benefit claims at issue should be made based on the administrative record, which has already been provided to Plaintiffs.

Even if discovery in this matter were permitted beyond the administrative record, though it is not, Defendants object to this Request because the request for "[a]ll Documents necessary," is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. In addition, the Request seeks irrelevant documents. Consistent with the Court's order on Defendants' motion to dismiss in the Previous Action and the Stipulation for Partial Dismissal (ECF 63) and the corresponding Order (ECF 68), Plaintiffs have dismissed all claims for transactions under prescription drug benefit plans that describe the member contribution amount as the lower of (1) the applicable Copayment and/or Coinsurance or (2) the network pharmacy's U&C (i.e., "lesser-of-two" plans). Yet, because of the way that Plaintiffs have defined "Overcharges," this Request includes documents relating to "lesser-of-two plans" not relevant to any claims or defenses in this case. In addition, the definition of "Insureds" is overly broad and not limited to those that are relevant to the claims in this case.

Defendants will produce by April 26, 2019, the administrative record generated during the review of Plaintiffs' claims for benefits that were administratively exhausted following dismissal of the Previous Action. Defendants are also willing to meet and confer with Plaintiffs regarding potential production of other Prescription Drug Transaction Data once Plaintiffs have defined a more limited putative class that does not include claims that have been already dismissed in this action.

Other responsive documents will be withheld on the basis of Defendants' objections.

### 1.     These Requests are Relevant to Class Certification and Damages

In Rule 23 cases where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of "numerosity, common questions, and adequacy of representation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Discovery before a class certification ruling is appropriate, even necessary. *See Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) ("in most cases, a certain amount of discovery is essential in order to determine the certification issue and the proper scope of a class action") (quotation and citation omitted). The Eighth Circuit Court of Appeals has generally endorsed broad discovery prior to class certification. *Johnson v. Nekoosa–*

*Edwards Paper Co.*, 558 F.2d 841, 845 n. 5 (8th Cir. 1977) ("[W]e note that broad discovery should usually be permitted prior to class certification.").

These requests and Defendants' objections get to the core of the issues presented by this motion. Although Defendants finally produced their Transaction Data in April and May of this year, Plaintiffs still do not have the tools to fully understand it. That is not because Plaintiffs failed in discovery to ask Defendants for it. Rather, as these requests demonstrate, Plaintiffs have properly sought this information and have been attempting to obtain the information necessary to allow them identify, interpret and use the Transaction Data. Plaintiffs need these documents to discover who was overcharged and by how much.

### 2.    These Requests Are Proportionate to the Needs of the Case

Proportionality is governed by the factors cited in Rule 26(b): "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Each factor is analyzed below:

- **Issues at stake in the Action:** This case involves overcharging for prescription drugs. The cost of health care affects virtually all Americans, and shining a light on the business practices of a large health insurer could be important to its customers and competitors. This factor favors Plaintiffs.

- **Amount in Controversy:** Because this is a putative class action, the Court must consider whether the discovery at issue is necessary for class certification and classwide damages.[4] Plaintiffs believe that Defendants overcharged Plaintiffs and

---

[4] *See Reyes v. Educ. Credit Mgmt. Corp.*, No. 15CV628-BAS(JMA), 2016 WL 9488704, at *5 (S.D. Cal. Sept. 20, 2016) ("because this is a putative class action, under a Rule 26(b) proportionality analysis, the needs of the case at this time are tied to Plaintiff's intended motion for class certification. In evaluating Plaintiff's motion to compel, the

the Class millions of tens, if not hundreds, of millions of dollars in overcharges and clawbacks. This factor favors Plaintiffs.

- **<u>Access to Information</u>:** Plaintiffs can only access the requested information from Defendants through discovery. There is no other source. This factor strongly favors Plaintiffs.

- **<u>The Parties' Resources</u>:** Plaintiffs are individuals, while Defendants are part of a Fortune 10 conglomerate. Defendants have unlimited financial resources and sophisticated data systems. This factor strongly favors Plaintiffs.

- **<u>Importance of the Discovery</u>:** This discovery is critical. Plaintiffs need it to determine Rule 23 issues and to calculate damages. This factor strongly favors Plaintiffs.

  **<u>Burden v. Benefit</u>:** Defendants have not identified any facts to support their burden objection, and they will need this same information for their affirmative defenses and trial. See Section IV(a)(iii), *supra*.

The information Plaintiffs seek in response to Request Nos. 26 and 30 go to the heart of Plaintiffs' and their experts' ability to identify and understand the plans containing "lesser-of-three" language but were inappropriately adjudicated "lesser-of-two", as well as to understand the data necessary to calculate damages. Discovery regarding the Transactional Data, and information necessary to interpret and use the information will allow Plaintiffs to identify Class members and calculate damages. The information sought clearly outweighs any purported burden or expense of the discovery sought. Thus, for the reasons set forth above, Plaintiffs' motion to compel fulsome and complete responses to Request Nos. 26 and 30 should be granted.

---

Court must consider whether the discovery sought is necessary for Plaintiff to seek class certification under Rule 23.").

## V.     PLAINTIFFS' REQUESTED RELIEF

Plaintiffs respectfully request that the Court grant Plaintiffs' motion to compel and order the following relief:

**Interrogatory No. 2:** That Defendants provide an amended, narrative response that is provides complete and fulsome information responding to this Interrogatory in compliance with Rule 33, including all information needed to identify the claims at issue and to interpret the Transaction Data;

**Request for Production No. 25:** That Defendants provide a complete response to this Request that complies with Rule 34, and produce complete and fulsome Prescription Drug Transaction Data responsive to Plaintiffs and the putative class, including documents and information necessary to identify lesser-of-three plans adjudicated as lesser-of-two, the identification of the SPD in effect during such adjudication to allow Plaintiffs to identify overcharges and clawbacks and calculate damages for Plaintiffs and the Class;

**Request for Production No. 26:** That Defendants provide a complete response to this Request that complies with Rule 34, and produce complete and fulsome Documents sufficient to identify and explain all data elements necessary to correctly interpret the Transaction Data; including all documents necessary to decode and facilitate the translation of values contained in the Transaction Data; mapping documents or datasets necessary to connect values in previous periods of the Transaction Data to their equivalent counterparts for the Class Period; and

**Request for Production No. 30:** That Defendants provide a complete response to this request that complies with Rule 34, and produce complete and fulsome documents

necessary to re-adjudicate all claims for which Plaintiffs and the Class were overcharged, as well as documents and data necessary to calculate damages on an individual and class basis.

Dated: September 8, 2020                    Respectfully submitted,

*/s/ Daniel E. Gustafson*                   Robert A. Izard (*Pro Hac Vice*)
Daniel E. Gustafson (#202241)              Craig A. Raabe (*Pro Hac Vice*)
Amanda M. Williams (#341691)               Christopher M. Barrett (Pro Hac Vice)
David A. Goodwin (#386715)                 IZARD, KINDALL & RAABE, LLP
GUSTAFSON GLUEK PLLC                        29 South Main Street, Suite 305
Canadian Pacific Plaza                      West Hartford, CT 06107
120 South 6th Street, Suite 2600           Telephone: (860) 493-6292
Minneapolis, MN 55402                       Facsimile: (860) 493-6290
Telephone: (612) 333-8844                   rizard@ikrlaw.com
Facsimile: (612) 339-6622                   craabe@ikrlaw.com
dgustafson@gustafsongluek.com              cbarrett@ikrlaw.com
awilliams@gustafsongluek.com
dgoodwin@gustafsongluek.com
                                            William H. Narwold (*Pro Hac Vice*)
Derek W. Loeser                             Mathew P. Jasinski (*Pro Hac Vice*)
Gretchen S. Obrist (*Pro Hac Vice*)         MOTLEY RICE LLC
Matthew Gerend (*Pro Hac Vice*)             One Corporate Center
KELLER ROHRBACK, LLP                        20 Church Street, 17th Floor
1201 Third Avenue, Suite 3200              Hartford, CT 06103
Seattle, WA 98101-3052                      Telephone: (860) 882-1681
Telephone: (206) 623-1900                   Facsimile: (860) 882-1682
Facsimile: (206) 623-3384                   bnarwold@motleyrice.com
dloeser@kellerrohrback.com                 mjasinski@motleyrice.com
gobrist@kellerrohrback.com
mgerend@kellerrohrback.com

Ron Kilgard (*Pro Hac Vice*)
Chanele N. Reyes (*Pro Hac Vice*)
KELLER ROHRBACK, LLP
3101 N. Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
rkilgard@ kellerrohrback.com
creyes@kellerrohrback.com

Joseph P. Guglielmo (*Pro Hac Vice*)
Carey Alexander (*Pro Hac Vice*)
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (*Pro Hac Vice*)
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
ecomite@scott-scott.com

Ronen Sarraf
Joseph Gentile
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone: (516) 699-8890
Facsimile: (516) 699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

Brian C. Gudmundson (#336695)
ZIMMERMAN REED LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
brian.gudmundson@zimmreed.com

*Attorneys for Plaintiffs/
Counterclaim Defendants*