# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Samantha Sohmer, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UnitedHealth Group, Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, Optum, Inc., and OptumRx, Inc.,<br><br>Defendants. | Civ. No. 18-3191 (JNE/BRT)<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion to Compel Further Production of Documents and Responses to Interrogatories ("Motion to Compel"). (Doc. No. 142.) Plaintiff filed a Memorandum of Law in Support of that motion (Doc. No. 144, Mem. in Supp.), and Defendants filed a Memorandum in Opposition (Doc. No. 159, Mem. in Opp'n). Subsequently, the parties filed a Stipulation to Withdraw in Part Plaintiff's Motion to Compel. (Doc. No. 150, Stip.) A hearing was held on October 9, 2020, at which the Court heard oral argument. (Doc. No. 169, Hr'g Mins.) For the following reasons, Plaintiff's Motion to Compel is denied.

## BACKGROUND

Plaintiffs served her First Set of Requests for Production of Documents on March 19, 2019, and her First Set of Interrogatories on October 7, 2019. (Doc. No. 145,

Jasinski Decl. ¶ 4.) Relevant to the present dispute is Plaintiff's Interrogatory No. 2:

> **INTERROGATORY NO. 2:** Please identify each claim adjudicated during the Relevant Period for which a participant paid a Cost Share that exceeded the amount paid or credited to the pharmacy for a prescription drug when the corresponding SPD provided for Lesser of Three Logic and for each such claim provide the (a) date prescription was filled; (b) patient's name; (c) all claim identification codes and numbers; (d) all member/participant identification codes and numbers; (e) drug name; (f) pharmacy name; (g) pharmacy identification code and number; (h) average wholesale price; (i) usual and customary charge; (j) drug tier; (k) applicable copayment or coinsurance amount under the applicable plan for the respective drug tier; (l) all ingredient costs; (m) all dispensing fees; (n) all sales tax amounts; (o) copayment amount paid; (p) coinsurance amount paid; (q) amount paid toward deductible; (r) remaining balance of deductible after payment of claim; (s) amount paid to pharmacy; (t) funding arrangement; and (u) claim status.

Defendants responded to the requests for production on April 19, 2019, and to the interrogatories on November 6, 2019. (*Id.* ¶ 5.) In response to Interrogatory No. 2, Defendants stated:

> **RESPONSE TO INTERROGATORY NO. 2:** Defendants reassert their objections to the definitions of "Relevant Period," and "Cost Share" as set forth above in the General Objections.[] Defendants further object to this interrogatory on the grounds that it is overly broad and unduly burdensome, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit, particularly because it purportedly requires Defendants to identify "each claim" and certain information contained within "each such claim." Defendants further object to this interrogatory on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms and ambiguous phrases "all claim identification codes and numbers," "all member/participant identification codes and numbers," "applicable copayment or coinsurance amount under the applicable plan for the respective drug tier," and "all ingredient costs." Defendants also object to this interrogatory to the extent it seeks individual patient health information (PHI) or any other information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Defendants reserve the right to redact and/or not produce any identifiable information regarding

2

any person, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case. Defendants further object to this interrogatory because discovery is ongoing, and therefore reserve the right to supplement, revise, correct, clarify, or amend their answer to this interrogatory. Subject to and without waiving the foregoing objections, Defendants respond as follows: After reasonable investigation, the information requested in the interrogatory is not maintained by Defendants in the ordinary course of business in the form and format requested by Plaintiffs. In lieu of further written response, Defendants will produce available prescription drug transaction data for outpatient prescription drugs purchased at retail Network Pharmacies sufficient to show the information sought by this interrogatory. Defendants are unclear what Plaintiffs mean to request in subsection (k), but do not believe data is available other than the copayment or coinsurance amount paid. If Plaintiffs are seeking information about the applicable copayment or coinsurance amount under the applicable plan for a particular drug tier, Defendants refer Plaintiffs to the SPDs produced at UNH-Sohmer-00000873- UNH-Sohmer-06450146. In addition, the information in subsection (r) is not always available in the prescription drug transaction data, nor is the (o), (p), or (q) always separated out. If available, Defendants will provide the information.

Defendants cannot identify a date certain for this production as in order to respond to Plaintiffs' interrogatory, they first need to identify each SPD that included lesser of three logic where retail Network Pharmacy prescription drug claims were set up to adjudicate as lesser of two. In addition, prior to production of prescription drug transaction data, Defendants need to meet and confer with Plaintiffs regarding the fields for production. Defendants are actively collecting the information needed at this time and will continue to keep Plaintiffs apprised of developments in the process.

On April 23, 2020, and May 14, 2020—pursuant to Defendants' response to Interrogatory No. 2, which represented that "[i]n lieu of further written response," Defendants would produce transaction data sufficient to answer that interrogatory—Defendants produced transaction data for the period beginning October 4, 2010, and ending January 31, 2020. (*Id.* ¶ 8.)

Upon reviewing the transaction data, Plaintiff found apparent discrepancies. (*Id.* ¶¶ 10–11.) The parties corresponded regarding these issues, and on August 13, 2020, Plaintiff sent a meet and confer letter to Defendants seeking information that would assist Plaintiff in interpreting the transaction data. (*Id.* ¶ 14.) The parties met and conferred regarding the transaction data, and on September 4, 2020, they agreed that Plaintiff would file the present Motion to Compel, but would also continue to work together to resolve the matter separately. (*Id.* ¶ 17.) Following that meeting, Defendants produced a document linking certain database terms to their natural language counterparts. (*Id.* ¶ 16.)

Plaintiff filed the present Motion to Compel on September 8, 2020. (Doc. No. 142.) Specifically, Plaintiff sought an order compelling Defendants to (1) provide an amended, narrative response that . . . provides complete and fulsome information responding to [Interrogatory No. 2] in compliance with Rule 33, including all information needed to identify the claims at issue and to interpret the Transaction Data"; (2) provide a complete response to Request for Production No. 25 that complies with Rule 34, including relevant transaction data; (3) provide a complete response to Request for Production No. 26 that complies with Rule 34, including information necessary to "correctly interpret the Transaction Data"; and (4) provide a complete response to Request for Production No. 30 that complies with Rule 34, including relevant documents "necessary to re-adjudicate all claims for which Plaintiffs and the Class were overcharged . . . and data necessary to calculate damages on an individual and class basis." (Mem. in Supp. 21–22.)

4

On September 24, 2020, Defendants served a supplemental response to Interrogatory No. 2. (Doc. No. 160, DesLauriers Decl., Ex. B.) Included in that supplemental response were detailed instructions on how to identify plans based on SPDs and how that information corresponds to the transaction data, where to find the relevant information in the transaction data, how to use the applicable fields in performing calculations, and how to align the data sets. (*Id.*, Ex. B at 4–15.) On September 25, 2020, Defendants filed their opposition to the present motion. (Doc. No. 159, Mem. in Opp'n.)

On October 16, 2020, the parties filed a Stipulation seeking to withdraw in part Plaintiff's Motion to Compel. (Doc. No. 167, Stip.) That Stipulation represents that the parties have resolved their disputes regarding Requests for Production 25, 26, and 30. (*Id.* at 1.) The Stipulation also represents that the parties resolved their dispute regarding Interrogatory No. 2 insofar as it seeks "a narrative response explaining how to interpret the Transaction Data, including the fields produced, and how to use the Transaction Data and other business records . . . to identify the [SPDs] associated with each prescription drug claim." (*Id.* at 1–3.) In the Stipulation, Defendants represent that "they have produced the best information available to derive or ascertain the answer to Interrogatory No. 2." (*Id.* at 2.) Plaintiff has not challenged that representation. The Stipulation also includes the following provision:

> The Parties, however, have *not* resolved their dispute concerning Interrogatory No. 2 to the extent that Defendants (or others acting on their behalf) have derived or ascertained the answer to Interrogatory No. 2, in whole or in part, or otherwise examined audited, compiled, abstracted, or summarized Defendants' business records, such that the burden of deriving or ascertaining the answer will not be substantially the same for either party.

(*Id.* at 2 (emphasis in original).)

At the hearing, the Court inquired as to what exactly remained at issue following the parties' Stipulation. Based on the discussion at the hearing, the Court understands that Plaintiff is now satisfied with Defendants' Rule 33(d) answer to Interrogatory No. 2. And Plaintiff did not challenge Defendants' representation that Defendants have produced the best information available to derive or ascertain the answer to Interrogatory No. 2. (*See* Stip. 2.) Plaintiff, however, clarified that Plaintiff seeks supplementation of Defendants' answer to Interrogatory No. 2 in the future if Defendants generate additional documents in the form of compilations or summaries of the transactional data produced. Specifically, Plaintiff argued that such a compilation or summary would be subject to a party's continuing duty to supplement pursuant to Fed. R. Civ. P. 26(e).

## ANALYSIS

Based on the parties' Stipulation, the only remaining area of disagreement concerns Interrogatory No. 2, and Plaintiff's assertion that Defendants have a duty to further supplement their response thereto if they, or others acting on their behalf, "have derived or ascertained the answer to Interrogatory No. 2, in whole or in part, or otherwise examined audited, compiled, abstracted, or summarized Defendants' business records." (Stip. 2.)

In their supplemental response to Interrogatory No. 2, Defendants explicitly invoked Fed. R. Civ. P. 33(d), asserting that –

> To the extent that the information sought by this Interrogatory may be able to be ascertained from the prescription drug transaction data and the

6

>Summary Plan Descriptions that Defendants have produced in this Action, the burden of locating and identifying such information is the same for Plaintiff as Defendants and Defendants direct Plaintiff to those data and documents pursuant to Fed. R. Civ. P. 33(d).

(DesLauriers Decl., Ex. B at 5.) Rule 33(d), for its part, provides that –

>If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>>(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>>
>>(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). The committee notes to Rule 33(d) explain that –

>Special difficulties may arise in using electronically stored information, either due to its form or because it is dependent on a particular computer system. Rule 33(d) allows a responding party to substitute access to documents or electronically stored information for an answer only if the burden of deriving the answer will be substantially the same for either party. Rule 33(d) states that a party electing to respond to an interrogatory by providing electronically stored information must ensure that the interrogating party can locate and identify it "as readily as can the party served," and that the responding party must give the interrogating party a "reasonable opportunity to examine, audit, or inspect" the information. Depending on the circumstances, satisfying these provisions with regard to electronically stored information may require the responding party to provide some combination of technical support, information on application software, or other assistance. The key question is whether such support enables the interrogating party to derive or ascertain the answer from the electronically stored information as readily as the responding party.

Fed. R. Civ. P. 33(d) advisory committee's note (2006).

Here, Defendants' reliance on Rule 33(d) was proper. Defendants produced the transaction data to Plaintiff, and then supplemented that production with detailed instructions on how to use that data. (*See* DesLauriers Decl., Ex. B.) In so doing, they complied with the requirements of Rule 33(d) and the direction provided by the committee notes that a level of assistance in interpreting the data should be provided such that the interrogating party can comprehend it as readily as the responding party. *See Perfect 10 Inc. v. Giganews, Inc.*, No. CV1107098ABCSHX, 2014 WL 12586247, at *2 (C.D. Cal. June 2, 2014) (finding that a defendant who provided access to electronically stored files along with "instructions on how to decrypt and access" them complied with the requirements of Rule 33(d)).

As is confirmed by the Stipulation, Plaintiff does not appear to take issue with Defendants' invocation of Rule 33(d), nor has Plaintiff contested Defendants' representation in the Stipulation that the transaction data is the best data available. (Stip. 2.) Further, Plaintiff has withdrawn her request for a narrative pursuant to the Stipulation. (Stip. 1.) At the hearing, however, Plaintiff took the position that notwithstanding Defendants' compliance with Rule 33(d), any future summary or analysis of the transaction data performed by Defendants—even if such summary or analysis is attorney work product—must be produced to Plaintiff pursuant to Fed. R. Civ. P. 26(e). Rule 26(e) provides:

> (e) Supplementing Disclosures and Responses.
>
> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

>   (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
>   (B) as ordered by the court.

Fed. R. Civ. P. 26(e).

Defendants' response to Interrogatory No. 2 was made pursuant to Rule 33(d), the Option to Produce Business Records. (*See* DesLauriers Decl., Ex. B at 5.) Thus, any supplementation of Defendants' Rule 33(d) answer is limited to additional *business records*. Accordingly, if the transaction data so far produced by Defendants is later rendered incomplete or incorrect in a material way by the discovery of additional party *business records*, or the creation of new party *business records*, Rule 26(e) would likely apply.[1]

However, attorney work product summarizing or compiling the transactional data would not be the Defendant parties' *business records*. A business record is "[a] report, memorandum, or other record made in the ordinary course of business."[2] Black's Law

---

[1]    The parties should meet and confer to come to an understanding about their expectations regarding Rule 26(e) supplementation.

[2]    The parties do not address the meaning of "business record" pursuant to Rule 33(d). In the context of the Federal Rules of Evidence, the Second Circuit found that attorney work product is not considered a "business record." *See Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994) (citation omitted) ("Data prepared or compiled for use in litigation are not admissible as business records."); *see also In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (finding that "depositions, answers to interrogatories by other parties and documents produced by defendants during discovery" do not constitute business records for the purposes of Rule 33(d)).

Dictionary (11th ed. 2019). Significantly, Plaintiff presented no case law suggesting that supplementation pursuant to Rule 26(e), following the service of a proper Rule 33(d) answer, requires the answering party to produce later generated attorney work product summaries or compilations of the business records originally produced.

In sum, the Court finds that Defendants have thus far complied with their obligations under Rule 33(d) as to Interrogatory No. 2. As for supplementation pursuant to Rule 26(e), Defendants must consider whether any newly discovered or created business records of the Defendant parties relating to Interrogatory No. 2 are subject to Defendants' ongoing duty to supplement this discovery response. However, the Court will not issue an advisory ruling that requires Defendants to produce any newly created attorney work product that compiles or summarizes the transactional data.

## ORDER

Accordingly, based on the file, record, and submissions herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Further Production of Documents and Responses to Interrogatories (**Doc. No. 142**) is **DENIED**. Specifically, those portions of the motion that were resolved in the parties' Stipulation are **DENIED** as moot, and the remaining part concerning Defendants' duty to supplement their Rule 33(d) answer to Interrogatory No. 2 is **DENIED** without prejudice.

Dated: October 30, 2020        *s/ Becky R. Thorson*
                               BECKY R. THORSON
                               United States Magistrate Judge